# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BRP HOLD OX, LLC, and TDBBS, LLC,

  Plaintiffs/Counterclaim Defendants,

    v.

WILLIAM CHILIAN,

  Defendant/Counterclaim Plaintiff.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N18C-04-116 CLS

Date Submitted: January 4, 2019
Date Decided: January 14, 2019

On Defendant's Application for Certification of Interlocutory Appeal
Pursuant to Supreme Court Rule 42.
**DENIED**.

K. Tyler O'Connell, Esquire, Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware, 19801. Attorneys for Plaintiffs/Counterclaim Defendants BRP Hold Ox, LLC and TDBBS, LLC.


David P. Primack, Esquire, & David W. Giattino, Esquire, McElroy Deutsch Mulvaney & Carpenter, LLP, 300 Delaware Avenue, Suite 770, Wilmington, Delaware, 19801. Attorneys for Defendant/Counterclaim Plaintiff William Chilian.

**Scott, J.**

## Background

On October 31, 2018, this Court entered an Order granting BRP HOLD OX, LLC, and TDBBS, LLC's, (hereinafter "BRP") Motion to Dismiss Defendant William Chilian's Counterclaims. Chilian filed a Motion for Reargument and for Leave to File an Amended Pleading on November 8, 2018. By Order dated December 6, 2018, those Motions were denied. Chilian filed an Application for Certification of an Interlocutory Appeal on December 17, 2018, and BRP responded on January 4, 2019. Chilian's Motion for Reargument and this Application address only the Counterclaim for Tortious Interference.

## Parties' Contentions

Chilian contends certification of his appeal is appropriate because this Court's decision conflicts with the Court of Chancery's decision in *Soterion Corp v. Soteria Mezzanine Corp*.[1] Chilian argues the Court impermissibly expanded the doctrine of Absolute Privilege.

Chilian further argues that because he has suffered "severe emotional, physical, and financial harm" the interests of justice require providing him an opportunity to present his Tortious Interference claim.[2]

BRP contends the Court's decision does not constitute a disagreement about applicable legal standards, necessary for certification. BRP further argues there is no

---

[1] *Soterion Corp v. Soteria Mezzanine Corp.*, 2012 WL 5378251 (Del. Ch. 2012).
[2] Def. Mot. at 6.

disagreement between the Courts as the Court of Chancery was not called upon to determine the applicability of the Absolute Privilege Doctrine.

## Discussion

Delaware Supreme Court Rule 42 sets forth the criteria for certifying an interlocutory appeal.[3] The rule states that "[n]o interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[4] Further, "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resource."[5] The trial court considers the following factors when deciding whether to certify an interlocutory appeal:

(A)  The interlocutory order involves a question of law resolved for the first time in this State;

(B)  The decisions of the trial courts are conflicting upon the question of law;

(C)  The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;

(D)  The interlocutory order has sustained the controverted jurisdiction of the trial court;

(E)  The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or a administrative agency from which an appeal was taken to the trial court which has decided a significant issue and a review of the interlocutory

---

[3] *See* Supr. Ct. R. 42.
[4] Supr. Ct. R. 42 (b)(i).
[5] Supr. Ct. R. 42 (b)(ii).

3

order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

(F)    The interlocutory order has vacated or opened a judgment of the trial court;

(G)    Review of the interlocutory order may terminate the litigation; or

(H)    Review of the interlocutory order may serve considerations of justice.[6]

Only after the Court considers these factors "and its own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why the likely benefits of the interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[7]

### Discussion

Chilian argues that this Court's October 31, 2018, decision dismissing his counterclaims, is in conflict with the Court of Chancery's decision in *Soterion Corp. v. Soteria Mezzanine Corp.*, wherein the Court held that a threat of litigation, and initiating litigation in bad faith may constitute Tortious Interference.[8] In this action Chilian attempts to distinguish between the actions of sending the demand letter and filing the Federal Action, and the substantive claim that Chilian was in violation of his restrictive covenant. However, the focus of Chilian's claim is that BRP falsely

---

[6] Supr. Ct. R. 42 (b)(iii).
[7] *Id.*
[8] *Soterion Corp. v. Soteria Mezzanine Corp.*, 2012 WL 5378251 (Del. Ch. 2012).

4

accused him of violating his agreement, resulting in his unwarranted departure from his employer. Chilian's Counterclaim never expressly made an allegation of defamation, however the substantive basis for his Tortious Interference claim is the functional equivalent.

In *Plastic Coatings Corp. v. Haining*, the Supreme Court adopted the two prong test of *Nix v. Sawyer*,[9] wherein absolute privilege attaches to statements made in the course of judicial proceedings upon a showing that: (a) the statements were issued as part of a judicial proceeding; and (b) the alleged defamation is relevant to a matter at issue in the case.[10] In *Nix,* the communication giving rise to the defamation claim was a Court of Chancery filing for a temporary restraining order.[11] In *Barker v. Huang*,[12] the Supreme Court repeated the importance of the privilege, quoting *Nix*, "the interest in encouraging a litigant's unqualified candor as it facilitates the search for truth is deemed so compelling that the privilege attaches even where the statements are offered maliciously or with knowledge of their falsity."[13] The Court's October 31, 2018, decision is consistent with the jurisprudence of this State in which Absolute Privilege has been asserted.

---

[9] *Nix v. Sawyer*, 526 A.2d 930 (Del. Super. Ct. 1987).
[10] *Plastic Coatings Corp. v. Haining*, 526 A.2d 930 (Del. 1987).
[11] *Nix*, at 410.
[12] *Barker v. Huang*, 610 A.2d 1341 (Del. 1992).
[13] *Barker*, at 1345.

5

The facts in *Soterion Corp. v. Soteria Mezzanine Corp.* are distinguishable from this case.[14] The Court in *Soterion* did determine that the threat of litigation, and filed litigation could constitute Tortious Interference, however the Court was not called upon to determine if the doctrine of Absolute Privilege applied to facts of the case. Chilian argues *Soterion* permits a Tortious Interference claim when the claims asserted in threatened litigation are known to be false. In that case however, the falsity of the claims was the product of firsthand knowledge. In this case however, the truth about whether or not Chilian was in breach of contract was not.[15] This Court's October 31, 2018, decision is not in conflict with the Court of Chancery's decision in *Soterion*. Under Rule 42(b)(iii)(B), the Courts are not conflicting upon a question of law.

After considering the all of the factors under Rule 42(b)(iii), only (H) remains at issue. Chilian argues the interests of justice under Rule 42(b)(iii)(H), requires appellate review so that he may have his day in court on his claim. BRP's claims remain before the Court, and Chilian has the opportunity to defend against those claims. It is not clear that the benefits of interlocutory review outweigh the probable costs the parties will incur if the Court were to grant certification. Furthermore, Chilian has not presented any "exceptional" issues for the Court to consider, and

---

[14] *Soterion Corp. v. Soteria Mezzanine Corp.*, 2012 WL 5378251 (Del. Ch. 2012).
[15] Answ. at 36.

6

therefore fails to demonstrate the interests of justice are served by granting this interlocutory appeal.

The Court's October 31, 2018, decision is not in conflict on a question of law, nor are the considerations of justice best served by granting certification.

Therefore, this 14th day of January, 2019, William Chilian having made application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, dated October 31, 2018; and the Court having found that none of the strict criteria of Supreme Court Rule 42(b)(iii) apply;

**IT IS ORDERED** that certification to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court is hereby **DENIED,** the Court declines to certify the interlocutory appeal.

/s/ Calvin L. Scott
The Honorable Calvin L. Scott, Jr.